IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUL 25  P 4: 45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

|  |  |  |
|---|---|---|
| BETTY WEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:06CV666 |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| YOLANDA MCCAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS**

## I.    INTRODUCTION

Defendant Eli Lilly and Company ("Lilly") respectfully moves this Court to stay

all proceedings in this action pending its transfer to *In re Zyprexa Prods. Liab. Litig.* (MDL-

1596), which is the MDL proceeding established in the Eastern District of New York to

coordinate all products liability cases sharing allegations concerning the safety of Zyprexa®.  On

November 22, 2005, this Court granted motions to stay in two Zyprexa-related cases nearly

identical to this case, which were filed by Plaintiff's counsel, which joined the same sales

representative joined here, and which had been removed to federal court on the grounds of

fraudulent joinder.  *See Muhammad v. Lilly*, et al., No.: 2:05-cv-1046-MHT (M.D. Ala. Nov. 22,

2005) (Thompson, J.) (Order attached as Exhibit "A"); *McCray-Martin v. Lilly, et al.*, No.: 2:05-

cv-1048-MHT (M.D. Ala. Nov. 22, 2005) (Thompson, J.) (Order attached as Exhibit "B")[1]; *see*

---

[1]    This Court upheld the Stay Orders entered in *Muhammad* and *McCray-Martin* on March 24, 2006,
denying Plaintiff's Motions to Reconsider.  *See* Orders attached as Exhibits "C" and "D," respectively.

also *Wright v. Lilly, et al.*, No.: 2:06-cv-193-KD-C (S.D. Ala. May 3, 2006) (DuBose, J.) (staying case removed on basis of fraudulent joinder of sales representatives) (Order attached as Exhibit "E"); *Anderson v. Lilly, et al.*, No.: 7:06-cv-636-LSC (N.D. Ala. Apr. 27, 2006) (Coogler, J.) (same) (Order attached as Exhibit "F"); *Brownlee v. Lilly, et al.*, 7:06-cv-634-JEO (N.D. Ala. Apr. 5, 2006) (Ott, Mag.) (same) (Order attached as Exhibit "G"); *Jackson v. Lilly, et al.*, No.: 5:06-cv-576-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.) (same) (Order attached as Exhibit "H"); *Hubbard v. Lilly, et al.*, No.: 3:06-cv-535-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.) (same) (Order attached as Exhibit "I"); *Wesley v. Lilly, et al.*, No.: 2:06-cv-569-SLB (N.D. Ala. Mar. 27, 2006) (Blackburn, J.) (same) (docket entry attached as Exhibit "J"); *McTier v. Lilly, et al.*, No.: 2:05-cv-607-T (M.D. Ala. Aug. 9, 2005) (same) (Order attached as Exhibit "K").[2]

*Muhammad* and *McCray-Martin*, along with *Crimes v. Lilly, et al.*, No.: 2:05-cv-1047-ID (M.D. Ala.) – another identical case filed by Plaintiff's counsel – have been transferred to the MDL and are currently pending before Judge Weinstein, the MDL judge.[3]  The present case and the eight other identical cases Plaintiff's counsel has filed recently in Alabama state courts, like *Muhammad, McCray-Martin,* and *Crimes,* share common questions of fact and law

---

[2]      *But see Tracy v. Lilly, et al.*, No.: 2:06-cv-536-VEH (N.D. Ala. Apr. 25, 2006) (denying stay and remanding to state court). Also, in cases identical to the present case, Plaintiff's counsel has been submitting five remand orders from the Southern District of Alabama as authority for their opposition to Lilly's Motions to Stay. *See Bailey v. Lilly, et al.*, No.: 1:06-cv-262-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.); *Beck v. Lilly, et al.*, No.: 1:06-cv-263-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.); *Betts v. Lilly, et al.*, No.:1:06-cvv-259-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.); *Etheridge v. Lilly, et al.*, No.: 2:06-cv-260-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.); *Vincent v. Lilly, et al.*, No.: 2:06-cv-264-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.). Each of those Southern District cases involves the joinder of a local physician. The issues involved in those cases are very different from those at issue in the present case – a case involving the fraudulent joinder of a local *sales representative*, not a local physician.

[3]      *Muhammad, McCray-Martin,* and *Crimes* were all pending in this district at the same time. Plaintiff's counsel filed the same Motion to Remand and Opposition to Motion to Stay in each of the three cases. Judge Thompson granted Lilly's Motion to Stay in *Muhammad* and *McCray-Martin*. In *Crimes*, Judge DeMent did not rule on Lilly's Motion to Stay or the plaintiff's Motion to Remand, deferring consideration of those issues pending transfer of the case to the Zyprexa MDL. Despite different approaches to the same motions, the result was the same in all three cases – *Muhammad, McCray-Martin,* and *Crimes* were all transferred to the MDL on the same day.

with many other cases originally filed in both federal and state courts around the country involving the prescription medication Zyprexa, including its safety profile, marketing, and the adequacy of its labeling. Lilly is in the process of notifying the Judicial Panel on Multidistrict Litigation ("the Panel") that this action is suitable for transfer to MDL-1596, by filing a "tag-along" action pursuant to J.P.M.L. Rule 7.5. The Panel is expected shortly to issue a Conditional Transfer Order relating to this case. Accordingly, to achieve the judicial economies underlying Section 1407, Lilly asks this Court to stay all proceedings in this action and refrain from addressing any issue pending transfer of this case to the MDL Court.

## II.    BACKGROUND

### A.    MDL-1596

At the direction of the Panel, hundreds of Zyprexa-related cases have been filed in or transferred to, and are now pending before, the MDL Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL-1596"). Each of these cases presents overlapping questions of fact and they allege similar theories of liability and injury stemming from plaintiffs' alleged treatment with Zyprexa. For example, plaintiffs are seeking or likely will seek much of the same discovery from Lilly pertaining to its development and pre-market and post-market testing of Zyprexa, including depositions of the same employees and experts.

The Panel, in its initial Transfer Order, stated that all the cases "share allegations concerning the safety of Zyprexa, a prescription drug used in the treatment of schizophrenia." The Panel further found that the cases involve common questions of fact and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the "just and efficient conduct of this litigation." April 14, 2004 Transfer Order, *In re Zyprexa Prods. Liab. Litig., Docket No. 1596*, attached as Exhibit "L". The Panel also observed that "Section

1407 centralization will thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Id.*

### B.    The Instant Action

Plaintiff commenced this action on July 13, 2006, by filing her Complaint in the Circuit Court of Elmore County, Alabama, bearing Case Number CV-06-373. On July 17, 2006, Lilly was served with a copy of Plaintiff's Complaint. On July 25, 2006, Lilly removed this action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332, filed an Answer to the Complaint, joined in Plaintiff's Jury Demand, and filed this Motion to Stay.

There is no dispute that this case involves the same factual inquiries that the Panel noted were present in Zyprexa cases generally, which warranted coordinated or consolidated pre-trial proceedings in the Eastern District of New York. Specifically, it is clear from the face of the Complaint that this case, like other Zyprexa cases, focuses on the alleged health risks (including metabolic issues) when taking Zyprexa, a psychotropic agent, and whether or not Lilly knew of these risks and failed to disclose them to the medical community and consumers. For example, Plaintiff alleges that "Defendants aggressively marketed and sold Zyprexa by misleading potential users about the safety of the product and by failing to protect users of serious dangers which Defendants knew or should have known could result from Zyprexa use." (*See* Compl. at ¶ 15)

## III.    THIS CASE SHOULD BE STAYED PENDING TRANSFER TO THE MDL

This Court should exercise its discretion to stay action on all proceedings pending transfer of this case for consolidated or coordinated pretrial proceedings before Judge Weinstein, the MDL transferee judge, who is familiar with all of the common factual and legal issues in the Zyprexa cases. Numerous courts have held that a stay is proper when the Panel has already decided that coordination is appropriate and has designated a venue for the coordinated

proceedings. *See, e.g., New Mexico State Investment Council v. Alexander*, 317 B.R. 440, 446 (D.N.M. 2004); *Mathern v. Wyeth*, No. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp.*, No. 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113-DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001).

Alabama courts have seen the efficacy of staying proceedings in Zyprexa-related cases pending transfer to the MDL. *See* Exhibits "A" through "K." For example, in *Brownlee*, after considering the plaintiff's Motion to Remand and the plaintiff's Opposition to Motion to Stay, the court was "convinced that a stay of this matter is appropriate." Exhibit "G" at 2. The court gave three reasons for its decision:

> First, the court does not see any prejudice to the plaintiff in the granting of the stay. This court's experience with MDL cases is that the Panel expeditiously resolves transfer issues; therefore, the court finds no prejudice to the plaintiff. Second, due to the apparent commonality of factual and legal issues, such as the present jurisdictional question, it makes sense for the parties to address this issue before the MDL judge rather than before the various judges in the individual cases. Third, judicial resources of this court will be saved if the instant action is stayed to allow the MDL judge to address any common remand issues. Because the transferee judge will have more experience with the factual and legal issues in this litigation, the granting of a stay herein promotes the conservation of judicial resources.

Exhibit "G" at 2-3. Likewise, a stay of proceedings should be granted in this action because it will promote judicial economy, avoid inconsistent rulings by different district courts, and avoid prejudice to both plaintiff and defendant.[4]

---

[4]    Motions to Stay also have been granted in more than fifty Zyprexa-related cases from other jurisdictions (Lilly will be happy to provide citations to each of these cases and/or copies of the stay orders, if the Court wishes). *See, e.g., Stempien v. Lilly, et al.*, No.: C06-1811-TEH (N.D. Cal. May 4, 2006) (granting Lilly's Motion to Stay on grounds of judicial economy, uniformity and consistency, and potential hardship to Lilly if stay denied) (Order attached as Exhibit "M").

A.    **The Court Has The Inherent Power To Stay Proceedings In The Interests Of Judicial Economy And Uniformity**

This Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1967) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Granting a stay pending a decision by the Panel to transfer the action "is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted).

Federal courts and the Panel have consistently recognized that such stays are proper even when the federal court's jurisdiction is challenged on remand, leaving such jurisdictional challenges to be resolved by the MDL court. *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing authority to stay action despite pending remand motion); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 700 (J.P.M.L. 1995) (ordering consolidation and transfer and recognizing that "the pending motion to remand . . . can be presented to and decided by the transferee judge"); *Med. Soc'y v. Conn. Gen.. Corp.*, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (declining to decide motion to remand pending transfer decision by the Panel); *Aikens v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (declining to decide motion to remand pending transfer decision by the Panel); *Johnson v. AMR Corp.*, No. 1:95-cv-07664, 1996 WL 164415, at *3-4 (N.D. Ill. Apr. 3, 1996) (staying ruling on jurisdictional motion pending transfer decision by the Panel).

**B.**    **A Stay Would Promote Judicial Economy And Efficiency**

Due to the overlapping factual issues and the similarities of the legal theories propounded in the Zyprexa cases pending in federal court, including this action, a great deal of work would be needlessly duplicated if pretrial proceedings and discovery were to go forward on a parallel track with MDL-1596. Most courts have granted motions to stay when there is the potential for inefficient use of judicial resources, as is the case where transfer by the Panel is pending. *See, e.g., Rivers,* 980 F. Supp. at 1362 ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").

Moreover, should this Court deny the stay request, any rulings that this Court makes prior to its transfer to Judge Weinstein's court will most likely be reconsidered after transfer. It was this concern that prompted the *U.S. Bank* court to note, "[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.,* No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (granting defendant's motion to stay). Therefore, this Court should not waste its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *Rivers,* 980 F. Supp. at 1360.

Judicial economy would also be served by having Judge Weinstein decide any remand motions filed in this and in any other state court cases that have been removed on identical grounds. Fraudulent joinder is not a "local issue" bound to the transferor district. *See, e.g., Stempien,* Order, Exhibit "M" at 2 ("This is not a case where the jurisdictional issue is unlikely to be raised in other cases that may be transferred to MDL . . ."). In fact, quite to the

contrary, the issue has become increasingly important in MDL litigation, and MDL transferee courts have efficiently and effectively resolved the issues in cases sent to them by the Panel.

The transferee court in the *Diet Drug* litigation, for example, has frequently addressed fraudulent joinder and has created a body of case law that provides valuable consistency and guidance for all involved. In the Eastern District of Pennsylvania, Judge Bartle addressed a motion to remand in an action where a defendant removed based upon fraudulent joinder and the plaintiff moved to remand. *In re Diet Drugs Prods. Liab. Litig.*, MDL 1203, No. 03-20370, 2004 WL 2624851 (E.D.Pa. Nov. 18, 2004). The transferor court deferred ruling on the plaintiff's motion and the Panel transferred the action to Judge Bartle. Evaluating the evidence presented, and by reference to his earlier rulings on fraudulent joinder in *Anderson v. American Home Products*, 220 F. Supp. 2d 414 (E.D.Pa. 2002), Judge Bartle denied the motion to remand. The transferee courts in the *Baycol* and *Rezulin* litigations have similarly addressed motions to remand based upon fraudulent joinder in actions before them. *See, e.g., In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-4835, 2003 WL 21223842 (D.Minn. May 27, 2003) (nondiverse physician fraudulently joined, motion to remand denied); *In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-129, 2002 WL 32155268 (D.Minn. May 24, 2002) (nondiverse pharmacy fraudulently joined to defeat diversity, motion to remand denied); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272 (S.D.N.Y. 2001) (denying motions to remand where sales representatives and physicians fraudulently joined, granting one motion where codefendant did not consent to removal).

Permitting this case to be transferred to the Eastern District of New York would also promote judicial economy by allowing all other substantive pretrial issues in the Zyprexa cases to be handled by Judge Weinstein, who has been dealing with Zyprexa-related issues for

over two years. MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the original transferor court. *See, e.g., In re Rezulin Prods. Liab. Litig.,* 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert*); *In re Propulsid Prods. Liab. Litig.,* 261 F. Supp. 2d 603 (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for summary judgment). Judge Weinstein has devoted substantial time and resources to analyzing numerous jurisdictional, factual and legal issues that have been raised in these cases. By granting the requested stay, this Court can avoid the unnecessary duplication of Judge Weinstein's efforts and use its resources to attend to other cases on its docket.

### C.    A Stay Will Prevent Inconsistent Decisions On Common Factual And Legal Issues, Including Remand

Granting a stay will allow this Court to avoid inconsistent decisions in this case and in many other Zyprexa cases that present identical jurisdictional issues. As the Panel recognized long ago, the "remedial aim" of multidistrict litigation is "to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 491-92 (J.P.M.L. 1968). Thus, to avoid risking inconsistent substantive legal rulings, district courts regularly stay pretrial proceedings.[5]

---

[5]      *See, e.g., In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990) (recognizing that "[c]onsistency as well as economy is thus served" when proceedings are stayed pending transfer); *Mathern,* 2004 WL 1922028, at *1 ("a stay of this case pending transfer to the MDL will promote judicial efficiency and avoid conflicting rulings"); *Knearem,* 2002 WL 1173551, at *1 ("Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings"); *Med. Soc'y,* 187 F. Supp. 2d at 92 (granting stay of all proceedings, including remand motion, because "there are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation"); *Good,* 5 F. Supp. 2d at 807 (granting a stay pending a transfer decision by the Panel because "[t]he purpose of such transfers is . . . to eliminate the potential for conflicting pretrial rulings"); *Rivers,* 980 F. Supp. at 1360-61 (concluding that, *inter alia,* the potential for conflicting decisions weighed in favor of a stay); *American Seafood,* 1992 WL 102762, at *2 ("judicial economy and prejudice to defendant weigh heavily in favor of [a] stay" when defendant may be forced to litigate similar motions that may result in conflicting rulings).

The present case is just one of many Lilly has removed from state courts around the country on the basis that plaintiffs have contrived to fraudulently join nondiverse parties in order to frustrate Lilly's statutory right of removal. Judge Weinstein, as MDL transferee judge, would be able to provide a consistent approach to the issue, thus avoiding inconsistent or aberrant jurisdictional rulings. The Second Circuit endorsed just this approach in *In re Ivy*, where, in the context of jurisdictional objections in Agent Orange actions, it reasoned that:

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation . . . and there are real economies in transferring such cases to Judge Weinstein . . . . Once transferred, the jurisdictional objections can be heard and resolved by a single court . . . . Consistency as well as economy is thus served. We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending.

901 F. 2d at 9. *See also In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001); *Walker v. Merck & Co., Inc.*, No. 05-cv-360-DRH, 2005 U.S. Dist. LEXIS 13693, at *3-4 (S.D. Ill. June 22, 2005) (citing to the Panel's finding that "the pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" and "motions to remand in MDL-1657 actions can be presented to and decided by the transferee judge"). Similarly, the Panel has endorsed this approach in the Zyprexa litigation. *See* Letter from Panel Dated January 20, 2006 (attached as Exhibit "N") (stating that deferring decisions on motions to remand to the MDL court "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel order centralization").

Plaintiff's counsel has recently filed this Complaint and eight others in state courts throughout Alabama, using nearly identical allegations against Lilly and Yolanda McCain in each. *See Frizzle v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-467-MHT (M.D. Ala.)

(removed from Cir. Ct. of Montgomery County); *Gantt v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-468-WHA (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Glover v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-466-WHA (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Grant v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-464-MHT (M.D. Ala.) (removed from Cir. Ct. of Lowndes County); *Mallard v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-481-WHA (M.D. Ala.) (removed from Cir. Ct. of Barbour County); *Person v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-465-WHA (M.D. Ala.) (removed from Cir. Ct. of Bullock County); *Segrest v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-542-WHA (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Wakefield v. Lilly, Yolanda McCain, et al.*, No.: 3:06-cv-460-WHA (M.D. Ala.) (removed from Cir. Ct. of Macon County). Three other identical cases filed by Plaintiff's counsel – *Muhammad v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1046-MHT (M.D. Ala.) (removed from Cir. Ct. of Bullock County); *Crimes v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1047-ID (M.D. Ala.) (removed from Cir. Ct. of Bullock County); and *McCray-Martin v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1048-MHT (M.D. Ala.) (removed from Cir. Ct. of Bullock County) – have already been transferred to the MDL court where the issue of whether Yolanda McCain has been fraudulently joined will be decided by Judge Weinstein.[6] *See* Transfer Order (attached as Exhibits "O"). Upon removal of the more recent cases, Plaintiff's counsel has been filing nearly identical Motions to Remand and Oppositions to Lilly's Motions to Stay in each case, just as they did in *Muhammad*, *Crimes*, and *McCray-Martin*. The only way to ensure that these cases receive consistent treatment is to grant a stay of proceedings and allow the MDL court to decide the Motions to Remand in these

---

[6]    Plaintiff's counsel also has at least nine cases from other jurisdictions now pending in the MDL – all initially filed in state court, all removed, all transferred and pending before Judge Weinstein.

identical cases, Plaintiff's counsel's other cases already pending in the MDL, and any similar cases that may follow.

**D.    A Stay Will Avoid Prejudice To All Parties**

Denying a stay will result in substantial prejudice, hardship and inequity to Lilly because Lilly will be subject to duplicative discovery and motion practice. *See American. Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D.Pa. May 7, 1992) (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendant weight heavily in favor of a stay."). It is inevitable that plaintiffs across the country will notice the same set of Lilly employees and former employees for deposition, and, without a stay, the risk exists that Lilly will have to produce these witnesses multiple times in different jurisdictions. Further, absent a stay, it is likely that Lilly will be forced to litigate the same jurisdictional, substantive and procedural issues multiple times in multiple courts. The United States District Court for the Northern District of California recognized this hardship in the jurisdictional context in a similar Zyprexa case:

> Defendants face considerable hardship if this Court were to decide the remand motion, regardless of whether the Court granted or denied that motion. . . . if this Court were to deny the motion to remand, the MDL court may nonetheless revisit the issue upon transfer, thus forcing Defendants to relitigate the issue. . . . If, on the other hand, this Court were to grant the motion to remand and the MDL court ultimately decided that removal was proper, Defendants would be prejudiced by being forced to litigate this case in state court because remand orders are not appealable.

*Stempien* Order, Exhibit "M" at 3 (citations omitted). Moreover, a stay of proceedings will benefit all parties in this matter, including Plaintiff, because of the increased efficiency and

-12-

coordinated pretrial case management available in the MDL proceedings.[7]

In contrast, Plaintiff will suffer little if any prejudice if this case is stayed. Issuance of the transfer order is imminent, and tag-along proceedings generally move quickly. *See, e.g., Good v. Prudential Ins. Co.,* 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting a stay where "a stay pending a final decision by the MDL Panel would likely be brief"); *Tench v. Jackson Nat'l Life Ins. Co.,* No. 99-cv-5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (granting a stay as plaintiff would suffer no prejudice from the short delay). Other courts have similarly concluded that the long-run benefits of a stay greatly outweigh any potential minimal short-run costs. *See Egon v. Del-Val Fin. Corp.,* No. 90-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991) ("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay"); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991) (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay); *Rosenfeld v. Hartford Fire Ins. Co.,* Nos. 88-cv-2153, 88-cv-2252, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("While [plaintiffs] may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost.").

---

[7]     Additionally, the MDL court has experience dealing with remand issues and severance of parties and claims that are not properly adjudicated in the MDL. *See In re Zyprexa Products Liability Litigation*, No. 1:04-md-01596-JBW-RLM (J.P.M.L. Feb. 16, 2006) (Order severing the claims of prescription drug provider Janssen from the claims brought against Lilly and remanding claims against Janssen to the Eastern District of Missouri while transferring claims against Lilly to MDL 1596 because "claims involving prescription drugs other than Zyprexa . . . do not share sufficient questions of fact with claims relating to Zyprexa to warrant inclusion of the former claims in the MDL-1596 proceedings") (attached as Exhibit "P").

### E.    All Parties Will Benefit By Transfer To An Active, Advanced MDL.

The Zyprexa MDL is at an advanced stage. The parties are in the middle of fact discovery, the Plaintiff's Steering Committee has recently noticed a number of depositions, discovery from Lilly is to be completed before year end, and motions for summary judgment and *Daubert* motions are to be filed promptly thereafter.

All parties will benefit from the coordinated discovery and pre-trial proceedings that have already taken place in the MDL. For example, Plaintiff's counsel will have the advantage of coordinated discovery consisting of over 4.5 million pages of documents already produced, over a dozen designee depositions already conducted, and Case Management Orders addressing a range of issues. From the very beginning of the Zyprexa MDL, Judge Weinstein has reached out to both state and federal court judges, and suggested the issuance of stays so that discovery efforts could be coordinated. *See* Order dated April 16, 2004 (attached as Exhibit "Q"). Judge Weinstein has made it equally clear that plaintiffs that are transferred to the MDL will benefit from the discovery already conducted. *See* Order dated January 5, 2005 (attached as Exhibit "R") (stating "it is expected that all discovery to date will be shared by past and incoming parties without the need for duplication").

## IV.    CONCLUSION

For the foregoing reasons, Lilly respectfully requests that this Court grant its Motion to Stay and enter an Order staying all pretrial activity in this case, including any motion to remand, the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and all other discovery and pretrial deadlines, pending transfer of this case to the MDL proceeding that has been established in the Eastern District of New York.

James C. Barton, Jr. (BAR014)
Bar Number:  ASB-0237-B51J
Email: jbartonjr@jbpp.com

Alan D. Mathis (MAT052)
Bar Number:  ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for defendant
Eli Lilly and Company

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

**OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, on this 25th day of July 2006 upon the following:

> E. Frank Woodson, Esq.
> Beasley, Allen, Crow, Methvin,
> Portis & Miles, P.C.
> P.O. Box 4160
> Montgomery, Alabama 36104

_____
Of Counsel

W0566589.DOC

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SHAHEED MUHAMMAD,                )
                                 )
        Plaintiff,               )
                                 )        CIVIL ACTION NO.
    v.                           )          2:05cv1046-T
                                 )
ELI LILLY AND COMPANY and        )
YOLANDA BROWN, Sales             )
Representative,                  )
                                 )
        Defendants.              )

ORDER

It is ORDERED that the motion to stay (Doc. No. 6) is

granted and that this cause is stayed pending MDL

transfer.

DONE, this the 22nd day of November, 2005.


            /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SANQUIRNETTA McCRAY-MARTIN, )
                           )
    Plaintiff,             )
                           )        CIVIL ACTION NO.
    v.                     )        2:05cv1048-T
                           )
ELI LILLY AND COMPANY and  )
YOLANDA BROWN, Sales       )
Representative,            )
                           )
    Defendants.            )

### ORDER

It is ORDERED that the motion to stay (Doc. No. 1) is

granted and that this cause is stayed pending MDL

transfer.

DONE, this the 22nd day of November, 2005.


        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

# EXHIBIT C

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SHAHEED MUHAMMAD,            )
                            )
    Plaintiff,               )
                            )      CIVIL ACTION NO.
    v.                       )      2:05cv1046-MHT
                            )
ELI LILLY AND COMPANY and    )
YOLANDA BROWN, Sales         )
Representative,              )
                            )
    Defendants.              )

ORDER

It is ORDERED that the motion to reconsider (Doc. No.

12) is denied.

DONE, this the 24th day of March, 2006.


            /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

# EXHIBIT D

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

SANQUIRNETTA McCRAY-MARTIN, )
                            )
        Plaintiff,          )
                            )       CIVIL ACTION NO.
        v.                  )       2:05cv1048-MHT
                            )
ELI LILLY AND COMPANY and   )
YOLANDA BROWN, Sales        )
Representative,             )
                            )
        Defendants.         )

ORDER

It is ORDERED that the motion to reconsider (Doc. No. 14) is denied.

DONE, this the 24th day of March, 2006.

            /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

# EXHIBIT E

### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **MAGDALENE WRIGHT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO 2:06-0193-KD-C** |
| | ) | |
| **ELI LILLY AND COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

This matter is before the Court on defendant Eli Lilly and Company's ("Lilly") motion to stay all proceedings in this action (Doc. 6), brief in support (Doc. 7) and supplemental authority filed in support (Docs. 10, 11, 12). Lilly moves to stay on the grounds that this case has been reported to the Judicial Panel on Multidistrict Litigation as a tag-along action in MDL-1596-In re Zyprexa Products Liability Litigation. (Doc.7). Lilly anticipates transfer of this case to the Eastern District of New York for discovery and consolidated pretrial proceedings before the Honorable Jack B. Weinstein. [1]  Lilly's motion to stay is unopposed. [2]

Because this action has been reported as a tag-along action, it is "subject to potential transfer to another court under 28 U.S.C. § 1407 pursuant to a motion pending before the Judicial Panel on Multidistrict Litigation or a conditional transfer order entered by that panel" and thus is excluded from the requirements of Rule 26 at this time. See Local Rule 26.1(d)(1)(D). Accordingly, Lilly's motion to stay is **GRANTED** and the parties are not required to participate in a parties' planning meeting or prepare a report until further notice.

---

[1]  The undersigned is in receipt of a  courtesy copy of the conditional transfer filed on April 25, 2006.

[2]  On April 4, 2006 the undersigned entered an order directing that any response to Lilly's motion to stay be filed on or before April 14, 2006.  (Doc. 9) No responses were filed.

**DONE** and **ORDERED** this the 2<u>nd</u> day of May 2006.

/s/ Kristi K. DuBose
**KRISTI  K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT F

CM/ECF - U.S. District Court Northern District of Alabama - Docket Report                                Page 1 of 4

STAY

# U.S. District Court
## Northern District of Alabama (Western)
### CIVIL DOCKET FOR CASE #: 7:06-cv-00636-LSC

| | |
|---|---|
| Anderson v. Eli Lilly and Company et al | Date Filed: 03/30/2006 |
| Assigned to: Judge L Scott Coogler | Jury Demand: Both |
| Case in other court: Circuit Court of Bibb County, Alabama, CV 06-00029 | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Cause: 28:1441 Petition for Removal- Product Liability | Jurisdiction: Diversity |

**Plaintiff**

**Donna K Anderson**                     represented by    **Timothy C Davis**
                                                            HENINGER GARRISON DAVIS LLC
                                                            2224 First Avenue North
                                                            PO Box 11310
                                                            Birmingham, AL 35202
                                                            205-326-3336
                                                            Fax: 205-326-3332
                                                            Email: ldaniel@hgdlawfirm.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **W Lewis Garrison, Jr**
                                                            HENINGER GARRISON & DAVIS
                                                            LLC
                                                            2224 First Avenue North
                                                            Birmingham, AL 35203
                                                            205-326-3336
                                                            Fax: 205-326-3332
                                                            Email: wlgarrison@hgdlawfirm.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **William L Bross, IV**
                                                            HENINGER GARRISON & DAVIS
                                                            LLC
                                                            2224 First Avenue North
                                                            PO Box 11310
                                                            Birmingham, AL 35202
                                                            205-326-3336
                                                            Fax: 205-326-3332
                                                            Email: wlbross@gsattys.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Eli Lilly and Company**                    represented by    **Alan Daniel Mathis**
                                                            JOHNSTON BARTON PROCTOR &
                                                            POWELL LLP
                                                            AmSouth Harbert Plaza, Suite 2900
                                                            1901 6th Avenue North
                                                            Birmingham, AL 35203-2618
                                                            458-9400
                                                            Email: adm@jbpp.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **James C Barton, Jr**
                                                            JOHNSTON BARTON PROCTOR &
                                                            POWELL LLP
                                                            2400 AmSouth/Harbert Plaza
                                                            1901 Sixth Avenue North
                                                            Birmingham, AL 35203-2618
                                                            205-458-9441
                                                            Fax: 205-458-9500
                                                            Email: jbartonjr@jbpp.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**
**Derrick Oden**                             represented by    **Alan Daniel Mathis**
                                                            JOHNSTON BARTON PROCTOR &
                                                            POWELL LLP
                                                            1901 6th Avenue North
                                                            Birmingham, AL 35203-2618
                                                            458-9400
                                                            Email: adm@jbpp.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **James C Barton, Jr**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**
**Valerie Wright**                           represented by    **Alan Daniel Mathis**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **James C Barton, Jr**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/30/2006 | 1 | NOTICE OF REMOVAL by Eli Lilly and Company, from Circuit Court of Bibb County, Alabama, case number CV 2006-29. ( Filing fee $ 250 ) filed by Eli Lilly and Company.(AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 2 | ANSWER to Complaint with Jury Demand by Valerie Wright.(AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 3 | ANSWER to Complaint with Jury Demand by Derrick Oden.(AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 4 | ANSWER to Complaint with Jury Demand by Eli Lilly and Company. (AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 5 | NOTICE of Corporate Disclosure by Eli Lilly and Company (AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 6 | MOTION to Stay all proceedings pending transfer decision by the Judicial Panel on MDL by Eli Lilly and Company. (AHI, ) (Entered: 03/31/2006) |
| 03/30/2006 | 7 | Brief 6 in Support of MOTION to Stay filed by Eli Lilly and Company. (AHI, ) (Entered: 03/31/2006) |
| 04/03/2006 | 8 | UNIFORM INITIAL ORDER - with appendices attached. Signed by Judge L Scott Coogler on 4/3/2006. (ADF, ) (Entered: 04/03/2006) |
| 04/05/2006 | 9 | NOTICE by Eli Lilly and Company re 6 MOTION to Stay *attaching Supplemental Authority* (Attachments: # 1 Exhibit A)(Mathis, Alan) (Entered: 04/05/2006) |
| 04/05/2006 | 10 | NOTICE by Eli Lilly and Company re 6 MOTION to Stay *attaching Additional Supplemental Authority* (Attachments: # 1 Exhibit A)(Mathis, Alan) (Entered: 04/05/2006) |
| 04/05/2006 | 11 | NOTICE by Eli Lilly and Company re 6 MOTION to Stay *attaching Additional Supplemental Authority* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Mathis, Alan) (Entered: 04/05/2006) |
| 04/06/2006 | 12 | ORDER re 6 MOTION to Stay filed by Eli Lilly and Company. Plaintiff has 5 days to appear in writing and show cause why Defendant's motion should not be granted. Signed by Judge L Scott Coogler on 4-6-06. (AES) (Entered: 04/06/2006) |
| 04/13/2006 | 13 | RESPONSE in Opposition re 6 MOTION to Stay filed by Donna K Anderson. (Attachments: # 1 # 2 # 3 # 4 # 5)(Garrison, W) (Entered: 04/13/2006) |
| 04/19/2006 | 14 | REPLY to Response to Motion re 6 MOTION to Stay filed by Eli Lilly and Company. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 |

|  |  | Exhibit N)(Mathis, Alan) (Entered: 04/19/2006) |
|---|---|---|
| 04/27/2006 |  | ORDER granting 6 Motion to Stay case pending transfer to MDL. Signed by Judge L Scott Coogler on 4/27/2006. (BST, ) (Entered: 04/27/2006) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 05/19/2006 10:08:57 | | |
| PACER Login: | jb0116 | Client Code: | 2046-47 |
| Description: | Docket Report | Search Criteria: | 7:06-cv-00636-LSC |
| Billable Pages: | 2 | Cost: | 0.16 |

# EXHIBIT G

FILED

2006 Apr-05 AM 08:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| VANESSA BROWNLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 7:06-cv-00634-JEO |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The court has for consideration defendant's "Motion for a Stay of All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation" (doc. 6), the "Plaintiff's Emergency Motion for Protective Order" (doc. 8), and the "Plaintiff's Emergency Motion to Remand and for Expedited Hearing" (doc. 13). Upon due consideration, the court finds that the motion to stay is due to be granted, the motion for a protective order is due to be denied, and the motion to remand is stayed.

The plaintiff alleges various state law claims against Defendant Eli Lilly and Company ("Lilly") and two of its sales persons concerning the safety of Zyprexa, which is manufactured by Lilly, and representations purportedly made by sales persons associated with Lilly. Lilly's motion for a stay asserts that this case "involves the same factual inquiries that the [MDL] Panel noted were present in Zyprexa® cases generally, which warranted coordinated or consolidated pre-trial proceedings in the Eastern District of New York." (Doc. 7 at p. 4). The motion is opposed by the plaintiff. She asserts that "[t]he issue of federal subject matter jurisdiction should be resolved now. Cases without federal subject matter jurisdiction, such as this one, do not belong in federal court and should not transferred to any MDL." (Doc. 9 at pp. 1-2).

It is well-settled that

> [a] district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55, 57 S. Ct. at 166.

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See American Seafood v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1-2 (E.D. Penn. 1992)." *Rivers*, 980 F. Supp. at 1360.

Reviewing the present circumstances and the briefs already submitted, the court is convinced that a stay of this matter is appropriate. First, the court does not see any prejudice to the plaintiff in the granting of the stay. This court's experience with MDL cases is that the Panel expeditiously resolves transfer issues; therefore, the court finds no prejudice to the plaintiff. Second, due to the apparent commonality of factual and legal issues, such as the present jurisdictional question, it makes sense for the parties to address this issue before the MDL judge rather than before the various judges in the individual cases.[1] Third, judicial resources of this court will be saved if the instant action is stayed to allow the MDL judge to address any common

---

[1] After examining the plaintiff's "Emergency Motion to Remand" (doc. 13), the court is convinced of the propriety of staying this matter rather than individually addressing this case.

2

remand issues. Because the transferee judge will have more experience with the factual and legal issues in this litigation, the granting of a stay herein promotes the conservation of judicial resources. The MDL Panel ordered the transfer of apparently related cases almost two years ago. Since this case was recently filed, any actions of this court may result in the unnecessary duplication of efforts.[2]

Accordingly, it is hereby **ORDERED** that the motion for a stay (doc. 6) is **GRANTED** until the MDL Panel decides whether to transfer this case to the consolidated proceedings. The plaintiff's emergency motion for a protective order (doc. 8) is **DENIED**. Consideration of the motion to remand (doc. 13) is **STAYED**.

**DONE,** this the 4th day of April, 2006.

*John E. Ott*

JOHN E. OTT
United States Magistrate Judge

---

[2]The court does not rely on Judge Sharon L. Blackburn's grant of a stay in *Wesley v. Lilly*, 7:06-cv-0569-SLB, in that the motion in that case was unopposed. However, the court does note that the complaint in that case included a similar fraud and misrepresentation claim.

3

# EXHIBIT H

FILED
2006 Apr-05 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PAMELA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  CV-06-S-576-NE |
| | ) | |
| ELI LILLY AND COMPANY; | ) | |
| MARY V. GREEN; | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This action was originally filed in the Circuit Court of Morgan County, Alabama, but removed to this court pursuant to 28 U.S.C. §§ 1441 and 1446. The action now is before the court on the following motions:  defendant Eli Lilly and Company's motion to stay all pretrial activity in this case pending a final decision on its transfer to a Multidistrict Litigation proceeding that has been established in the United States District Court for the Eastern District of New York (doc. no. 4); plaintiff's motion to remand the action and motion for an expedited hearing on the issue (doc. no. 12); and plaintiff's motion for a protective order, which will allow plaintiff to attach exhibits to the motion to remand (doc. no. 7).  Upon consideration of the motions, and the briefs in support and in opposition thereto, the motion to stay is GRANTED, consideration of the motion to remand is STAYED, and the motion

for a protective order is DENIED.

DONE this 5th day of April, 2006.

_____
United States District Judge

# EXHIBIT I

FILED

2006 Apr-05 PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| NATHAN HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-06-S-535-NW |
| | ) | |
| ELI LILLY AND COMPANY; | ) | |
| RICHARD LEVENTRY; | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This action was originally filed in the Circuit Court of Franklin County, Alabama, but removed to this court pursuant to 28 U.S.C. §§ 1441 and 1446. The action now is before the court on defendant Eli Lilly and Company's motion to stay all pretrial activity in this case pending a final decision on its transfer to a Multidistrict Litigation proceeding that has been established in the United States District Court for the Eastern District of New York (doc. no. 3). The motion to stay is GRANTED.

DONE this 5th day of April, 2006.

United States District Judge

# EXHIBIT J

STAY

# U.S. District Court
## Northern District of Alabama (Southern)
### CIVIL DOCKET FOR CASE #: 2:06-cv-00569-SLB

Wesley v. Eli Lilly and Company et al
Assigned to: Judge Sharon Lovelace Blackburn
Cause: 28:1446pl Petition for Removal - Product Liability

Date Filed: 03/23/2006
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Crystal Wesley**

represented by **Timothy C Davis**
HENINGER GARRISON DAVIS LLC
2224 First Avenue North
PO Box 11310
Birmingham, AL 35202
205-326-3336
Fax: 205-326-3332
Email: ldaniel@hgdlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W Lewis Garrison, Jr**
HENINGER GARRISON & DAVIS LLC
2224 First Avenue North
Birmingham, AL 35203
205-326-3336
Fax: 205-326-3332
Email: wlgarrison@hgdlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William L Bross, IV**
HENINGER GARRISON & DAVIS LLC
2224 First Avenue North
PO Box 11310
Birmingham, AL 35202
205-326-3336
Fax: 205-326-3332
Email: wlbross@gsattys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

CM/ECF - U.S. District Court Northern District of Alabama - Docket Report          Page 2 of 3

**Defendant**

**Eli Lilly and Company**                     represented by   **Alan Daniel Mathis**
                                                               JOHNSTON BARTON PROCTOR &
                                                               POWELL LLP
                                                               AmSouth Harbert Plaza, Suite 2900
                                                               1901 6th Avenue North
                                                               Birmingham, AL 35203-2618
                                                               458-9400
                                                               Email: adm@jbpp.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **James C Barton, Jr**
                                                               JOHNSTON BARTON PROCTOR &
                                                               POWELL LLP
                                                               AmSouth Harbert Plaza, Suite 2900
                                                               1901 6th Avenue North
                                                               Birmingham, AL 35203-2618
                                                               458-9400
                                                               Email: jbartonjr@jbpp.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Mary V. Green**                             represented by   **Alan Daniel Mathis**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **James C Barton, Jr**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2006 | 1 | NOTICE OF REMOVAL by Eli Lilly and Company from the Jeffeson County Circuit Court, case number CV-06-1197. ( Filing fee $ 250.00, receipt # 200 224545 ) with copy of summons and complaint attached (KSS, ) (Entered: 03/23/2006) |
| 03/23/2006 | 2 | ANSWER to Complaint (Notice of Removal) with jury demand by Eli Lilly and Company. (KSS, ) (Entered: 03/23/2006) |
| 03/23/2006 | 3 | ANSWER to Complaint (Notice of Removal) with jury demand by Mary V. Green. (KSS, ) (Entered: 03/23/2006) |
| 03/23/2006 | 4 | MOTION to Stay all Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation by Eli Lilly and Company. (KSS, ) (Entered: 03/23/2006) |

CM/ECF - U.S. District Court Northern District of Alabama - Docket Report                Page 3 of 3

| 03/23/2006 | 5 | Brief Memorandum in support of 4 MOTION to Stay all Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation filed by Eli Lilly and Company. (KSS, ) (Entered: 03/23/2006) |
| 03/23/2006 | 6 | NOTICE of Corporate Disclosure by Eli Lilly and Company. (KSS, ) (Entered: 03/23/2006) |
| 03/27/2006 | | ORDER granting 4 Motion to Stay. Signed by Judge Sharon Lovelace Blackburn on 03/27/2006. (SDB, ) (Entered: 03/27/2006) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/29/2006 15:43:31 | | |
| PACER Login: | jjb0116 | Client Code: | 2046-27 |
| Description: | Docket Report | Search Criteria: | 2:06-cv-00569-SLB |
| Billable Pages: | 1 | Cost: | 0.08 |

# EXHIBIT K

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| DANDALL McTIER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:05cv607-T |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

It is ORDERED that the joint motion for stay (Doc.

No. 10) is granted and this cause is stayed pending MDL

transfer.

DONE, this the 9th day of August, 2005.


_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT L

**MDL 1596**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 4 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

## DOCKET NO. 1596

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of the six actions listed on the attached Schedule A and pending, respectively, in the Central District of California, the Eastern District of Kentucky, the Western District of Louisiana, the Middle District of North Carolina, the Northern District of Ohio, and the Eastern District of Tennessee.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant Eli Lilly and Company (Lilly) for coordinated or consolidated proceedings of these actions under Section 1407 in the Southern District of Indiana or, in the alternative, the Northern District of Ohio. At oral argument, Lilly also suggested transfer to the Southern District of New York or the Eastern District of Pennsylvania. One individual defendant in the Eastern District of Tennessee action does not object to the motion. Plaintiffs in the potential tag-along actions in the Eastern District of New York and the Southern District of New York support transfer under Section 1407, but suggest the Eastern District of New York as transferee district. Plaintiffs in three actions and a physician defendant in the Eastern District of Tennessee action initially opposed the motion;[2] at oral argument, however, these parties supported the motion for transfer, but objected to the Southern District of Indiana as

---

[*]  Judge Selya took no part in the decision of this matter.

[1]  In addition to the six actions before the Panel, the parties have identified two related actions pending in the Eastern District of New York and six related actions pending, respectively, in the Middle District of Alabama, the Eastern District of Arkansas, the Southern District of Iowa, the Southern District of Mississippi, the Southern District of New York, and the Eastern District of Tennessee. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). Defendant's motion also included a second action in the Eastern District of Kentucky, which was dismissed with prejudice by stipulation of the parties in January 2004, and an action in the Eastern District of Virginia, which was remanded to state court in March 2004. Accordingly the question of transfer under Section 1407 of those two actions is now moot.

[2]  Plaintiffs in the Eastern District of Kentucky, Middle District of North Carolina, and Northern District of Ohio actions initially opposed the motion.

**OFFICIAL FILE COPY**

**IMAGED** APR 1 5 '04

- 2 -

transferee district, with the plaintiffs in this group now supporting the Eastern District of New York as transferee district. Plaintiff in the Western District of Louisiana action and over twenty defendants in the Eastern District of Tennessee action oppose transfer of the actions in which they are parties.[1]

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations concerning the safety of Zyprexa, a prescription drug used in the treatment of schizophrenia. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiff in the Western District of Louisiana action argues against transfer of her action that her claims arise from the interaction between Zyprexa and another prescription medicine, and thus are different from the claims in other actions relating only to Zyprexa. This plaintiff also emphasizes that her decedent suffered respiratory failure, not the diabetes or related injuries complained of in other actions. We find these contentions unpersuasive. We observe that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Nor is the presence of an additional defendant or product significant when the underlying action still contains, as here, products liability claims and factual allegations focusing on the safety of Zyprexa.

The defendants opposing transfer of the Eastern District of Tennessee action argue that the claims against them in that action do not involve common questions of fact with the claims against Lilly in this or any other action. Specifically, these defendants argue that the assertions confronted by them, for alleged violations of constitutional rights among other things, do not share sufficient factual questions with the products liability claims against Lilly to warrant transfer. These defendants also emphasize that the claims against them have been pending for over three years, longer than the claims against Lilly have been pending in any action. In the event the Panel orders transfer of the Eastern District of Tennessee action, these defendants ask the Panel to separate and simultaneously remand the claims asserted against them in the action, thereby effectively denying transfer of those claims.

For these parties opposing transfer on the basis of insufficient common questions, distinctions among the actions may be such that certain actions or claims therein can be ready for remand in advance of other claims or actions, after further refinement of the issues and close scrutiny by the transferee judge. But we are unwilling, on the basis of the record before us, to make a determination at this time that the degree of interconnection between these claims and the claims against Lilly in the affected actions is so small as to warrant exclusion of the claims from Section 1407 proceedings from the outset. We point out that whenever the transferee judge deems remand of any claims or actions appropriate,

---

[1] Opposing defendants are Roane County, Tennessee; Ken Yager; David Haggard; Fay Hall; Linda Mayes; John Mayes; Kelly Jackson; Cathy Goss; Thomas Pio; Sandra Miller; Stacee French; Lynda Carter; Stephen Halcomb; Deborah R. Gibson; Officer Rymer; Officer Rittenhouse; Officer Melton; Officer Belcher; Ambulance Service of Roane County; Gloria Wright; Howie Rose; and D. Tipton.

- 3 -

procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. In the meantime, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions. Discovery with respect to any case-specific issues can proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Defendants in the Eastern District of Tennessee action also suggest that a decision in their favor on pending motions for summary judgment may obviate the need for transfer of the action. We note, however, that such motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990).

Given the geographic dispersal of current and anticipated constituent actions, no district stands out as the focal point for this wide-ranging litigation. In concluding that the Eastern District of New York is an appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

**SCHEDULE A**

<u>MDL-1596 – In re Zyprexa Products Liability Litigation</u>

<u>Central District of California</u>

*Janetta Thompson, et al. v. County of Los Angeles, et al.*, C.A. No. 2:03-7641

<u>Eastern District of Kentucky</u>

*Carl Cooper, et al. v. Eli Lilly & Co., et al.*, C.A. No. 6:03-422

<u>Western District of Louisiana</u>

*Charlene H. Folse, etc. v. Eli Lilly & Co., et al.*, C.A. No. 6:03-1888

<u>Middle District of North Carolina</u>

*Barry McClamrock v. Eli Lilly & Co.*, C.A. No. 1:03-929

<u>Northern District of Ohio</u>

*Barbara Wilson v. Eli Lilly & Co.*, C.A. No. 3:03-7202

<u>Eastern District of Tennessee</u>

*Carolyn Phillips, etc. v. Roane County TN, et al.*, C.A. No. 3:00-692

# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLAUDIA STEMPIEN, et al.,

              Plaintiffs,

       v.

ELI LILLY AND COMPANY and
MCKESSON CORPORATION,

              Defendants.

NO. C06-1811 TEH

ORDER GRANTING
DEFENDANT'S MOTION TO
STAY AND VACATING
PLAINTIFFS' MOTION TO
REMAND

This matter comes before the Court on (1) Defendant Eli Lilly and Company's motion to stay proceedings pending a decision on transfer by the Judicial Panel on Multidistrict Litigation ("JPML") and (2) Plaintiffs' motion to remand. The Court heard oral argument on Defendant's motion on Monday, May 1, 2006. Plaintiffs' motion has not been fully briefed, and oral argument on Plaintiffs' motion is not scheduled until June 12, 2006.

This case was conditionally transferred to Multidistrict Litigation ("MDL") No. 1596, *In re Zyprexa Products Liability Litigation*, on April 14, 2006. Plaintiffs informed the Court that they intend to oppose the conditional transfer order in this case, and the JPML will therefore allow briefing on the transfer issue before deciding whether transfer is appropriate. This Court retains jurisdiction over this matter until any transfer ruling becomes effective.

After carefully considering the parties' written and oral arguments on Defendant's motion, the Court finds a stay of proceedings to be appropriate in this case. The Court has the inherent power to control its own docket, including the power to stay proceedings in the interests of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). While a conditional transfer order is pending, the JPML routinely counsels that courts may rule on any pending motions, including motions to remand, or courts may defer ruling on pending motions until after the JPML has decided the transfer issue. The JPML advises that the

**United States District Court**
For the Northern District of California

1    "latter course may be especially appropriate if the motion raises questions likely to arise in

2    other actions in the transferee court and, in the interest of uniformity, might best be decided

3    there if the Panel orders centralization." *See, e.g.,* JPML Letter (Reply Ex. G).[1]

4        In this instance, the Court concludes that judicial economy warrants a stay of

5    proceedings until after the JPML decides whether transfer is appropriate.  The parties agree

6    that seven cases involving the identical question – whether Plaintiffs fraudulently joined

7    McKesson Corporation as a defendant to destroy diversity – are pending before courts in this

8    district, and Plaintiffs do not dispute Defendant's representation that several other such cases

9    are pending before other district courts in California.  Moreover, given that this Court

10   continues to receive new Zyprexa cases filed in federal court, the Court has no reason to

11   expect that new cases will not be filed in California state court and subsequently removed by

12   Defendants to federal court.  Thus, multiple judges will need to decide the jurisdictional issue

13   presented in this case unless the cases are ultimately transferred to MDL, where a single

14   judge will be able to resolve the issue in all cases.  Even if the Court were to grant Plaintiffs'

15   motion to relate all Zyprexa cases naming McKesson Corporation pending in this district,

16   judges in other California districts would nonetheless have to decide the issue, thus resulting

17   in unnecessarily duplicative litigation, an inefficient use of judicial resources, and the risk of

18   inconsistent results.

19       The Court finds that the interests in promoting uniformity and consistency therefore

20   counsel in favor of a stay in this case.  This is not a case where the jurisdictional issue is

21   unlikely to be raised in other cases that may be transferred to MDL, nor is it a case where it is

22   clear from a preliminary review of the notice of removal or motion to remand that removal

23   was improper.  *See, e.g., Leeson v. Merck & Co.,* No. CIV. S-05-2240 WBS PAN, 2006 U.S.

24   Dist. Lexis 3096, at *8-10 (E.D. Cal. Jan. 25, 2006) (reviewing district court Vioxx cases

25

26   _____

27   [1]The cited letter does not refer specifically to this case but, instead, concerns two other
     Zyprexa cases.  However, the letter is a form letter that this Court has received in other cases

28   under consideration by the JPML, including two cases currently before the Court involving
     Zyprexa and Seroquel.

1    involving allegations against McKesson and concluding that defendant's "fraudulent joinder

2    arguments are not clearly baseless").

3        Plaintiffs have also failed to persuade the Court that the potential for delay if this

4    Court issues a stay outweighs the considerations of judicial economy discussed above or the

5    potential hardship to Defendants that would result from failing to stay the case. First, the

6    Honorable Jack Weinstein, the judge presiding over the MDL litigation, has recently issued

7    an order emphasizing expedition of discovery and the ultimate resolution of the Zyprexa

8    litigation, thus undermining Plaintiffs' argument that this case would be significantly delayed

9    if it had to wait for the MDL court to resolve the jurisdictional issue. *In re: Zyprexa Prods.*

10   *Liab. Litig.*, MDL-1596 (E.D.N.Y. Apr. 10, 2006) (Reply Ex. J). Second, Defendants face

11   considerable hardship if this Court were to decide the remand motion, regardless of whether

12   the Court granted or denied that motion. As one court recently observed in a Vioxx case, if

13   this Court were to deny the motion to remand, the MDL court may nonetheless revisit the

14   issue upon transfer, thus forcing Defendants to relitigate the issue.[2] *Leeson*, 2006 U.S. Dist.

15   Lexis 3096, at *15-16. If, on the other hand, this Court were to grant the motion to remand

16   and the MDL court ultimately decided that removal was proper, Defendants would be

17   prejudiced by being forced to litigate this case in state court because remand orders are not

18   appealable. *Id.* at *16.

19       The Court acknowledges that at least one judge in the Central District of California

20   has *sua sponte* remanded a Zyprexa case involving McKesson. *See Sconiers v. Eli Lilly &*

21   *Co.*, No. CV 06-1466 PA (PJWx), slip op. (Ex. I to Pls.' Mot. to Remand). However, the

22   Court is not without precedent in exercising its discretion to stay proceedings in this case. In

23   the Vioxx cases, for example, most California district courts, with the exception of those in

24   the Central District of California, either stayed cases pending transfer and allowed the MDL

25   court to resolve the motions to remand or avoided the issue because the cases were

26   transferred to MDL before motions to remand were filed. *Leeson*, 2006 U.S. Dist. Lexis

27

28   [2]Plaintiffs acknowledged at oral argument that the case would likely be transferred to
     the MDL court if their remand motion was denied.

3

1  3096, at *11-12. More recently, Judge William Alsup in this district has routinely stayed all

2  Zyprexa cases as they are filed and, just last week, denied plaintiffs' request for leave to file

3  a motion to remand in a case involving McKesson. *Johnson v. Eli Lilly & Co.*, No.

4  C06-2188 WHA, docket no. 18 (N.D. Cal. Apr. 26, 2006) (Ex. A to Supplemental Decl. of

5  James M. Neudecker). This Court finds the approach followed by Judge Alsup and the

6  majority of California district courts to be more prudent than the Central District's

7  consideration of the jurisdictional issues pending transfer.

8       Accordingly, and in light of all of the above, the Court GRANTS Defendant's motion

9  to stay and VACATES Plaintiffs' motion to remand without prejudice. If the JPML does not

10  transfer this case to the MDL court, then Plaintiffs may renew their motion to remand before

11  this Court at that time.

12

13  **IT IS SO ORDERED.**

14

15  Dated:  05/04/06   .

16                                          _____
                                        THELTON E. HENDERSON, JUDGE
                                        UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4

# EXHIBIT N

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Robert A. Cahn
Executive Attorney

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

January 20, 2006

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 2 4 2006 ★
P.M.
TIME A.M.

TO INVOLVED JUDGES

Re: MDL-1596-- In re Zyprexa Products Liability Litigation

*Latofia Crimes v. Eli Lilly & Co., et al.*, M.D. Alabama, C.A. No. 2:05-1047
   (Judge Mark E. Fuller)
*Sanquirnetta McCray-Martin v. Eli Lilly & Co., et al.*, M.D. Alabama, C.A. No. 2:05-1048
   (Judge Myron H. Thompson)

Dear Judges:

    Presently before the Panel pursuant to 28 U.S.C. § 1407 is a notice of opposition to the Panel's conditional transfer order in at least one action before you in the above-described docket. The parties will have an opportunity to fully brief the question of transfer and the matter will be considered at a bimonthly Panel hearing session. In the meantime, your jurisdiction continues until any transfer ruling becomes effective.

    If you have a motion pending – such as a motion to remand to state court (if the action was removed to your court) – you are free to rule on the motion, of course, or wait until the Panel has decided the transfer issue. The latter course may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.

    Please feel free to contact our staff in Washington with any questions.

Kindest regards,

Wm. Terrell Hodges
Chairman

# EXHIBIT O

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:         [202] 502-2888

http://www.jpml.uscourts.gov

April 13, 2006

TO INVOLVED COUNSEL

Re: MDL-1596 -- In re Zyprexa Products Liability Litigation

(See Attached Schedule A of Order)

Dear Counsel:

For your information, I am enclosing a copy of an order filed today by the Judicial Panel on Multidistrict Litigation involving this matter.

Very truly,

Michael J. Beck
Clerk of the Panel

By _Mecca Carter_
Mecca S. Carter
Deputy Clerk

Enclosure

JPML Form 34B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 3 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1596

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in twelve Eastern District of Missouri actions, ten Western District of Missouri actions and three Middle District of Alabama actions as listed on Scheduled A. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Two doctors named as defendants in one of the ten Western District of Missouri actions also move to vacate the Panel's order conditionally transferring that action.[1] Defendant Eli Lilly and Co. opposes the motions to vacate and urges inclusion of all 25 actions in the MDL-1596 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these 25 actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Any motions for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge Hodges took no part in the decision of this matter.

[1] *Larry Wright v. Eli Lilly & Co., et al.*, W.D. Missouri, C.A. No. 2:05-4413.

- 2 -

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Keenan
Acting Chairman

**SCHEDULE A**

<u>MDL-1596 -- In re Zyprexa Products Liability Litigation</u>

<u>Middle District of Alabama</u>

*Shaheed Muhammad v. Eli Lilly & Co., et al.*, C.A. No. 2:05-1046
*Latofia Crimes v. Eli Lilly & Co., et al.*, C.A. No. 2:05-1047
*Sanquirnetta McCray-Martin v. Eli Lilly & Co., et al.*, C.A. No. 2:05-1048

<u>Eastern District of Missouri</u>

*Cheryl Andrews v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2126
*Jacqueline Jenell Brown v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2127
*Gloria Hayes v. Eli Lilly & Co, et al.*, C.A. No. 4:05-2128
*Myra Frisbie v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2129
*Xavier Johnson v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2139
*Stanley Lewis v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2140
*Linda Young v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2142
*Darryl Scott v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2143
*Valerie Ann Shaffer v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2145
*Donna Trefney v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2151
*Windy Atterberry v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2177
*Ethel Stevens v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2178

<u>Western District of Missouri</u>

*Michael Skinner v. Eli Lilly & Co., et al.*, C.A. No. 2:05-4411
*Larry Wright v. Eli Lilly & Co., et al.*, C.A. No. 2:05-4413
*Tina Carrero v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1083
*Mary Ella Weese v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1114
*Susan M. Riley v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1118
*Pamela Hedrix v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1151
*Brenda Gleese v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1244
*Lamont Jay Hemphill v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1245
*Linda Ward Tindall v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1246
*Rosetta Marie Williams v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1247

# EXHIBIT P

Case 1:04-md-01596-JBW-RLM    Document 391-2    Filed 02/22/2006    Page 1 of 2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1596

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER OF TRANSFER AND SIMULTANEOUS SEPARATION AND REMAND OF CERTAIN CLAIMS

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in seventeen Eastern District and seventeen Western District of Missouri actions to vacate the Panel's orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. In one of the Eastern District of Missouri actions,[1] a physician defendant moves for separation and remand under Section 1407 of the claims against her. Also before the Panel are motions brought, respectively, by defendants Bristol-Myers Squibb Co. (Bristol-Myers) and Janssen, L.P. (Janssen) to vacate one of the Panel's orders insofar as it relates to claims in ten Eastern District of Missouri actions against these defendants.[2] Specifically, these defendants ask the Panel to separate and simultaneously remand the claims against them to the Eastern District of Missouri at the time of transfer. Defendant Eli Lilly and Co. (Lilly) opposes the motions to vacate brought by plaintiffs and the physician defendant and urges inclusion of the actions in the MDL-1596 proceedings, but supports separation and remand under Section 1407 of the claims against the other pharmaceutical defendants.

On the basis of the papers filed and hearing session held, the Panel finds that all 38 actions encompassed by the various overlapping motions involve common questions of fact with the actions

---

[1]    *Reed Thompson v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1928.

[2]    *Gloria Black v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1921; *Cindy Buck v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1922; *Clifford Ferrin v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1923; *Pamela Journey v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1924; *Thomas McGee, etc. v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1925; *Michelle McMahon v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1926; *Brent Thomas v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1927; *Reed Thompson v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1928; *Tamila Watkins v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1930; and *James Keetch v. Janssen Pharmaceutica, L.P., et al.*, E.D. Missouri, C.A. No. 4:05-1931. Janssen is a defendant in each of these ten actions; Bristol-Myers is a defendant in only the last listed action (*Keetch*).

- 2 -

in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Any motions for remand to state court or for dismissal can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

The objecting physician defendant argues, inter alia, that the presence of individual questions of fact should militate against inclusion of the claims against her in the MDL-1596 proceedings. We are unpersuaded by this argument. Inclusion of the claims against the defendant doctor pertaining to Zyprexa in the MDL-1596 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephreda Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. The Panel is persuaded, however, that claims involving prescription drugs other than Zyprexa in ten Eastern District of Missouri actions do not share sufficient questions of fact with claims relating to Zyprexa to warrant inclusion of the former claims in MDL-1596 proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the 38 actions listed on Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that claims in ten actions identified in the second footnote of this order relating to prescription medications other than Zyprexa are simultaneously separated and remanded to the Eastern District of Missouri.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# EXHIBIT R

FILED
IN CLERK'S OFFICE
UNITED STATES DISTRICT COURT   U.S. DISTRICT COURT, E.D.N.Y.
EASTERN DISTRICT OF NEW YORK

★ JAN 1 1 2005 ★

BROOKLYN OFFICE

IN RE- ZYPREXA LITIGATION

ORDER
04 MD 1596 (JBW)

-----------------------------------------------X

It is expected that all discovery to date will be shared by past and incoming parties

without the need for duplication.

s/Jack B. Weinstein
JACK B. WEINSTEIN
SR. UNITED STATES DISTRICT JUDGE

DATED:1/5/05