**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| BETTY WEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:06-cv-0666-WHA |
| | ) | |
| ELI LILLY AND COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ELI LILLY AND COMPANY'S REPLY TO PLAINTIFF'S
OPPOSITION TO LILLY'S MOTION TO STAY**

Plaintiff's opposition to a stay of proceedings is almost identical to the oppositions filed by Plaintiff's counsel in *Muhammad v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1046-MHT (M.D. Ala.) (Thompson, J.), and *McCray-Martin v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1048-MHT (M.D. Ala.) (Thompson, J.), in which this Court granted Lilly's Motions to Stay. Plaintiff has done nothing to modify the arguments that were rejected by this Court in those cases. *See* Orders, attached as Exhibits "A" & "B." To promote judicial economy and consistency, this Court should grant a stay of proceedings in this case as well.

Plaintiff's opposition to Lilly's Motion to Stay is demonstrably wrong on the current state of the law. This Court has already acknowledged that it plainly has authority to grant a stay to allow the Multidistrict Litigation transferee court to decide the motion for remand filed by Plaintiff. Also, the Judicial Panel on Multidistrict Litigation (the "Panel") has referred cases to the Zyprexa® MDL while motions for remand were pending. Indeed, *Muhammad* and *McCray-Martin*, which are virtually identical to the present case, are just two examples of the

many cases transferred to the Zyprexa MDL with motions to remand pending.  *See* Transfer Order, attached as Exhibit "C."  One more example is *Crimes v. Lilly, Yolanda (Brown) McCain, et al.*, No.: 2:05-cv-1047-ID (M.D. Ala.), another identical case filed by Plaintiff's counsel in which this Court deferred consideration of a motion to remand and allowed it to be transferred to the MDL.[1]  *See* Exhibit "C."

Plaintiff's counsel has now filed identical motions to remand in this case and eight others that are currently pending in this district, each involving exactly the same allegations against Lilly and Yolanda McCain that were made in *Muhammad*, *McCray-Martin*, and *Crimes*. *See Frizzle v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-467-MHT (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Gantt v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-468-WHA (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Glover v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-466-WHA (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Grant v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-464-MHT (M.D. Ala.) (removed from Cir. Ct. of Lowndes County); *Mallard v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-481-WHA (M.D. Ala.) (removed from Cir. Ct. of Barbour County); *Person v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-465-WHA (M.D. Ala.) (removed from Cir. Ct. of Bullock County); *Segrest v. Lilly, Yolanda McCain, et al.*, No.: 2:06-cv-542-WHA (M.D. Ala.) (removed from Cir. Ct. of Montgomery County); *Wakefield v. Lilly, Yolanda McCain, et al.*, No.: 3:06-cv-460-WHA (M.D.

---

[1]     *Muhammad*, *McCray-Martin*, and *Crimes* were all pending in this district at the same time. Plaintiff's counsel filed the same Motion to Remand and Opposition to Motion to Stay in each of the three cases. Judge Thompson granted Lilly's Motion to Stay in *Muhammad* and *McCray-Martin*.  In *Crimes*, Judge DeMent did not rule on Lilly's Motion to Stay or the plaintiff's Motion to Remand, deferring consideration of those issues pending transfer of the case to the Zyprexa MDL.  Despite different approaches to the same motions, the result was the same in all three cases – *Muhammad*, *McCray-Martin*, and *Crimes* were all transferred to the MDL on the same day.  *See* Exhibit "C."

Ala.) (removed from Cir. Ct. of Macon County).[2]   Adding these more recent cases to *Muhammad*, *McCray-Martin*, and *Crimes*, Plaintiff's counsel now has twelve identical cases pending against Lilly and Yolanda McCain.  On July 27, 2006, this Court recognized the need for consistency among these cases and granted Lilly's motions to stay in *Frizzle* and *Grant*, deferring consideration of plaintiffs' remand motions to the MDL court.  *See* Stay Orders, attached as Exhibits "D" & "E."

Plaintiff's suggestion that a stay would not further judicial economy completely ignores these cases and those with similar issues already pending in the MDL.  Moreover, Plaintiff counsel's efforts to evade the MDL process and have this Court rule on a fact pattern to be repeatedly decided in the MDL undermines this Court's prior decisions in Zyprexa-related cases and the Panel's determination that pre-trial proceedings be consolidated, even if there are pending motions in the transferor court.  *See* Letter from Panel Dated January 20, 2006 (attached as Exhibit "F") (stating that deferring a decision on a motion to remand to the MDL court "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization").  For these reasons, the Court should issue a stay.

## ARGUMENT

**A.    A Stay Should Be Granted Because Motions To Remand Removals Based On Fraudulent Joinder Should Be Decided By The MDL Transferee Judge.**

Plaintiff's opposition ignores not only the twelve identical cases filed by this Plaintiff's counsel, but also a number of other cases filed in Alabama, which involve the

---

[2]      These nine cases have followed the same track as *Muhammad*, *McCray-Martin*, and *Crimes* – Plaintiff's counsel filed each of these nine cases in Alabama state court; Lilly removed each case to this Court based on diversity of citizenship and the fraudulent joinder of Yolanda McCain; Lilly filed nearly identical motions to stay in each case; Plaintiff's counsel filed nearly identical motions to remand in each case; tag along notices have been submitted and the transfer of each case to the MDL is currently pending.

fraudulent joinder of Lilly sales representatives and have been stayed and transferred to the MDL. *See Wright v. Lilly, et al.*, No.: 2:06-cv-193-KD-C (S.D. Ala. May 3, 2006) (DuBose, J.); *Anderson v. Lilly, et al.*, No.: 7:06-cv-636-LSC (N.D. Ala. Apr. 27, 2006) (Coogler, J.); *Brownlee v. Lilly, et al.*, 7:06-cv-634-JEO (N.D. Ala. Apr. 5, 2006) (Ott, Mag.) (case stayed, transfer decision pending); *Jackson v. Lilly, et al.*, No.: 5:06-cv-576-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.); *Hubbard v. Lilly, et al.*, No.: 3:06-cv-535-CLS (N.D. Ala. Apr. 5, 2006) (Smith, J.); *Wesley v. Lilly, et al.*, No.: 2:06-cv-569-SLB (N.D. Ala. Mar. 27, 2006) (Blackburn, J.). As these courts have recognized, it is the MDL court, not this Court, that should decide any motions to remand.

The efficacy of having the MDL court rule on any motion to remand is similarly evidenced by rulings in the *Vioxx*, *Rezulin*, *Baycol*, and *Diet Drugs* litigation. For example, the MDL transferee courts in the *Baycol* and *Rezulin* litigations have each addressed motions to remand based upon fraudulent joinder in actions before them. *See, e.g., In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-4835, 2003 WL 21223842 (D.Minn. May 27, 2003) (nondiverse physician fraudulently joined; motion to remand denied); *In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-129, 2002 WL 32155268 (D.Minn. May 24, 2002) (nondiverse pharmacy fraudulently joined to defeat diversity; motion to remand denied); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272 (S.D.N.Y. 2001) ("*Rezulin I*") (denying motions to remand where sales representatives and physicians fraudulently joined, granting one motion where codefendant did not consent to removal); *In re Rezulin Prods. Liab. Litig.,* 168 F. Supp. 2d (S.D.N.Y. 2001) ("*Rezulin II*") (denying motions to remand in Alabama cases where sales representative was fraudulently joined, granting Texas motions on other grounds).

Courts in the *Vioxx* litigation have routinely stayed proceedings pending transfer of the cases to the MDL. *See Walker v. Merck & Co., Inc.*, No. 05-cv-360-DRH, 2005 U.S. Dist. Lexis 13693, *1 (S.D. Ill. June 22, 2005) (noting that there are over 600 *Vioxx*-related cases that have been stayed, including more than 70 cases with pending motions to remand). In deciding to grant a stay of proceedings despite the pendancy of a motion to remand, the court in *Walker* noted that judicial economy weighs in favor of a stay and that judicial economy and the threat of inconsistent rulings outweighs any possible prejudice to the plaintiffs. *Id.* at *6.

Disregarding Zyprexa-related cases involving the fraudulent joinder of local sales representatives and recent decisions from other pharmaceutical litigation, Plaintiff instead focuses on five remand orders from the Southern District of Alabama in cases involving the joinder of local physicians. *See Bailey v. Lilly, et al.*, No.: 1:06-cv-262-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.); *Beck v. Lilly, et al.*, No.: 1:06-cv-263-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.); *Betts v. Lilly, et al.*, No.:1:06-cvv-259-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.); *Etheridge v. Lilly, et al.*, No.: 2:06-cv-260-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.); *Vincent v. Lilly, et al.*, No.: 2:06-cv-264-WS (S.D. Ala. Jun. 5, 2006) (Steele, J.). Plaintiff calls those cases "nearly identical" to the present case (Plaintiff's Brief in Support of Motion to Remand at 6), yet the joinder of physicians raises very different issues than does the joinder of sales representatives. Moreover, the Southern District cases had a different local physician joined in each case. Here, Plaintiff's counsel has joined the same sales representative – Yolanda McCain – in twelve identical cases, three of which – *Muhammad*, *McCray-Martin*, and *Crimes* – are currently pending in the MDL. Further, Yolanda McCain has submitted sworn, unrebutted testimony that effectively negates the allegations against her. No affidavits or declarations were submitted in

the Southern District cases. Plaintiff's reliance on those cases is therefore misplaced, and the Southern District remand orders are inapposite.

Plaintiff also relies heavily on older rulings in the *Diet Drugs* litigation and old statements made by the *Diet Drugs* MDL Court (Judge Bartle) to support her claims. Plaintiff, however, ignores that Judge Bartle has more recently addressed a motion to remand in an action where a defendant removed based upon fraudulent joinder, the plaintiff moved to remand and the transferor court deferred ruling to allow the action to be transferred to the MDL. *In re Diet Drugs Prods. Liab. Litig.*, MDL 1203, No. 03-20370, 2004 WL 2624851 (E.D. Pa. Nov. 18, 2004) (denying motion to remand and referencing earlier ruling on fraudulent joinder in *Anderson v. American Home Products*, 220 F. Supp. 2d 414 (E.D. Pa. 2002)).

The *Diet Drugs* MDL court further determined that it is the best forum to resolve these removal issues, stating:

> Recurrent issues have continued to emerge in connection with motions to remand to state courts cases removed by Wyeth on the basis of diversity of citizenship. . . . We are continuing to address the fraudulent joinder of individual physicians and pharmacies as defendants as a means to prevent removal. Many of these issues have common patterns as well as ramifications far beyond any specific case. Again, we believe these issues are best resolved in a uniform manner through the coordinated proceedings of MDL 1203.

*Braden v. Wyeth*, No. 04-PT-0235-E, 2004 U.S. Dist. Lexis 28734 at *65-66 (N.D. Ala. April 5, 2004) (quoting *In re Diet Drugs Product Liability Litigation*, MDL No. 1203, PTO-2984).

**B.     All Parties Will Benefit By Transfer To An Active, Advanced MDL.**

Plaintiff's suggestion that a settlement <u>not</u> involving Plaintiff's counsel somehow affects whether to stay this case, or otherwise suggests that discovery is stalled in the MDL, is mystifying. The exact opposite is true. The Zyprexa MDL is at an advanced stage. The parties are in the middle of fact discovery, the Plaintiff's Steering Committee has recently noticed a

number of depositions, discovery from Lilly is to be completed before year end, and motions for summary judgment and *Daubert* motions are to be filed promptly thereafter. *See* Case Management Order No. 18, attached as Exhibit "G."

All parties will benefit from the coordinated discovery and pre-trial proceedings that are ongoing in the MDL, as well as the discovery that has already taken place. For example, Plaintiff's counsel will have the advantage of coordinated discovery consisting of over 4.5 million pages of documents already produced, over a dozen designee depositions already conducted, and Case Management Orders addressing a range of issues. Notably, Plaintiff's counsel here is already an active participant in the MDL with several non-settled cases pending there. Thus, there is absolutely no added hardship to their participation in the MDL with this case.

### C.    This Court Has The Authority To Grant A Stay With A Motion To Remand Pending.

Plaintiff ignores this Court's previous decisions to stay Zyprexa-related cases and suggests that the filing of a motion to remand somehow affects the Court's authority to grant a stay. To support this argument, Plaintiff misuses the Eleventh Circuit in *University of South Ala. v. The American Tobacco Co.*, and wrongly suggests that this Court must examine jurisdictional issues prior to taking *any* action in the case. 168 F.3d 405, 410 (11th Cir. 1999).[3]

---

[3]    Lilly's removal papers are supported by Eleventh Circuit precedent, most notably, the October 25, 2005 holding in *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005). The Court in *Legg* makes it clear that simply naming a sales representative does not defeat diversity jurisdiction. Instead, this practice can, at best, be "characterized as a sham, at the unfair expense, not only of [the Company], but of many individuals and small enterprises that are being unfairly dragged into court simply to prevent the adjudication against [the Company], the real target, in a federal forum." *Id.* at 1320 (citing *Anderson v. Am. Home Prods. Corp.*, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002)). As the Eleventh Circuit stated in *Legg*, "The removal process was created by Congress to protect defendants. Congress 'did not extend such protections with one hand, and with the other hand give plaintiffs a bag of tricks to overcome it.'" *Id.* at 1325 (quoting *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992)).

Granting a motion to stay proceedings, however, is not considered "taking action" or "adjudicating the merits" of a case. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001) (declining to follow *Stern v. Mut. Life Ins. Co. of N.Y.*, 968 F. Supp. 637 (N.D. Ala. 1997)). Furthermore, in *University of South Alabama*, the court's primary concern was the propriety of making *substantive* rulings concerning Alabama law, namely deciding a motion to dismiss the case, without first determining whether the court had jurisdiction over the matter. Because the district court failed to consider the jurisdictional question prior to granting the motion to dismiss, the Eleventh Circuit held that the district court erred. *University of South Alabama*, 168 F.3d 405. These substantive concerns are not implicated here. The court in *University of South Alabama* was not faced with a motion to stay pending transfer to the MDL, where any motion to remand would be heard prior to other substantive ruling in the case. This is a course that is proper and well within the district court's authority even where a federal court's jurisdiction is challenged on remand.[4]

Plaintiff's argument, therefore, would overrule seventy years of precedent establishing that the Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1967) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

---

[4]    *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing authority to stay action despite pending remand motion); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 700 (J.P.M.L. 1995) (ordering consolidation and transfer and recognizing that "the pending motion to remand . . . can be presented to and decided by the transferee judge"); *Med. Soc'y v. Conn. Gen.. Corp.*, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Aikens v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Johnson v. AMR Corp.*, No. 1:95-cv-07664, 1996 WL 164415, at *3-4 (N.D. Ill. Apr. 3, 1996) (staying ruling on jurisdictional motion pending transfer decision by the JPML).

Plaintiff's citation to *Nicholas v. Prudential Ins. Co.* is also unavailing.   In *Nicholas*, the question facing the court was whether or not the supplemental jurisdiction statute, 28 U.S.C. §1367(a), confers removal jurisdiction on the court.   No. 97-0204-CB-C, 1997 U.S. Dist. Lexis 6579, *1 (S.D. Ala. April 28, 1997).   The court noted that "[t]here can be no dispute that this Court lacks original jurisdiction to hear this case" because the parties are not diverse and no federal question is implicated.   *Id.* at *10.   The court held that the removal statute's requirement that courts have original jurisdiction does not include supplemental jurisdiction.   *Id.* at *11-12.   The court declined to grant a stay solely on the grounds that the removal was "clearly improper" and "to stay these proceedings when the Court clearly lacks subject matter jurisdiction is contrary to Congress' intent." *Id.* at *15.

That concern is not implicated here, where Lilly has validly removed the case on the grounds that diversity of citizenship exists by virtue of fraudulent joinder, which is supported by Eleventh Circuit precedent.[5]   *See Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997); *see also*, *Braden*, 2004 U.S. Dist. Lexis 28734, *1 (staying consideration of remand motion pending transfer and ruling by transferee judge).[6]

---

[5]   Similarly, Plaintiff has cited to *Lloyd v. Cabell Huntington Hospital, Inc.,* 58 F. Supp. 2d 694 (S.D.W.Va. 1999) in support of her opposition to the motion to stay.   The court in *Lloyd* declined to grant a stay where not all defendants had joined in the removal, making the removal facially invalid.   *Id.* The procedural flaw in that case meant that the court never had subject matter jurisdiction.   This is clearly not the situation here as all necessary defendants have consented to removal.

[6]   The court in *Braden* agreed with the language of *Betty Hagler v. Wyeth,* CV-04-A-11-N (M.D. Ala. Feb. 23, 2004), in which it was stated that:

> There is similarity in issues involved in remand motions in these cases nationwide, i.e., whether sales representatives and other individual resident defendants have been fraudulently joined to avoid federal jurisdiction.   This court recognizes its authority to consider and rule on a Motion to Remand at any time before a final transfer, but finds it to be more appropriate to await a determination by the MDL Panel in regard to transfer.   A transfer to the MDL Court does not result in a denial of a motion to remand; it simply leaves the motion for determination by the MDL judge.   Because of the similarity of these issues nationally, and in the interests of uniformity and judicial economy, this

(continued...)

Similarly, the Tenth Circuit law recited by Plaintiff does not speak to the issue presently before this Court. *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 54 F. Supp. 2d 1042 (D.Kan. 1999), *Bellinder v. Microsoft Corp.*, No. 99-2578-KHV, 2000 U.S. Dist. Lexis 6789, *1 (D.Kan. March 24, 2000), and *Havens Protected "C" Clamps, Inc. v. Pilkington, PLC*, No. 00-2035-JWL, 2000 WL 382027, *1 (D.Kan. March 28, 2000).[7] These three cases involved class action lawsuits where the motions to remand were based upon failure to meet the amount in controversy requirement for diversity jurisdiction. Tenth Circuit precedent established that the court did not have jurisdiction and a stay was therefore not appropriate.[8] Here, the issue is fraudulent joinder of a sales representative, which courts in this Circuit and in others have found to weigh in favor of granting a stay to promote judicial economy and efficiency. *See, e.g., Braden,* 2004 U.S. Dist. Lexis 28734, *1.

## CONCLUSION

For the foregoing reasons and for the reasons stated in Lilly's Memorandum in Support of its Motion to Stay, Lilly respectfully requests that this Court grant its Motion to Stay

---

(continued...)

       court finds that the remand motion is best left for consideration and determination by the judge who is considering the same issues on a nationwide basis, in the event the case is ordered transferred.

*Braden*, 2004 U.S. Dist. Lexis 28734 at *74-75.

     [7]    Plaintiff also cites to *Tortola Restaurants v. Kimberly-Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997), which also declined to grant a stay where defendants had not shown that all members of the class satisfied the amount in controversy requirement for diversity jurisdiction. For the reasons stated above, this case should not be persuasive on the issue before this Court.

     [8]    *See Aetna*, 54 F. Supp. 2d 1042 (remanding on grounds that all members of the class must meet amount in controversy requirement and no federal question exists); *Bellinder*, 2000 U.S. Dist. Lexis 6789, *1 (remanding where defendant has not shown that amount in controversy for each member of the class is greater than $75,000); *Havens*, 2000 WL 382027, *1 (same).

all proceedings in this case pending transfer to the MDL proceeding that has been established in

the Eastern District of New York.

s/ James C. Barton, Jr.

James C. Barton, Jr. (BAR014)

Bar Number:   ASB-0237-B51J

Email: jbartonjr@jbpp.com

s/ Alan D. Mathis

Alan D. Mathis (MAT052)

Bar Number:   ASB-8922-A59M

Email: adm@jbpp.com

Attorneys for defendant

Eli Lilly and Company

**JOHNSTON BARTON PROCTOR & POWELL LLP**

2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North

Birmingham, AL 35203

(205) 458-9400

(205) 458-9500 (fax)

      **OF COUNSEL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on August 10, 2006, using the CM/ECF system, which will send notification of such filing to the following:

E. Frank Woodson, Esq.
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36104

s/ Alan D. Mathis
Of Counsel

W0568651.DOC

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SHAHEED MUHAMMAD,               )
                                )
        Plaintiff,              )
                                )        CIVIL ACTION NO.
        v.                      )          2:05cv1046-T
                                )
ELI LILLY AND COMPANY and       )
YOLANDA BROWN, Sales            )
Representative,                 )
                                )
        Defendants.             )

## ORDER

It is ORDERED that the motion to stay (Doc. No. 6) is granted and that this cause is stayed pending MDL transfer.

DONE, this the 22nd day of November, 2005.


        /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SANQUIRNETTA McCRAY-MARTIN, )
                                )
        Plaintiff,              )
                                )        CIVIL ACTION NO.
        v.                      )          2:05cv1048-T
                                )
ELI LILLY AND COMPANY and       )
YOLANDA BROWN, Sales            )
Representative,                 )
                                )
        Defendants.             )

                          ORDER

    It is ORDERED that the motion to stay (Doc. No. 1) is

granted and that this cause is stayed pending MDL

transfer.

    DONE, this the 22nd day of November, 2005.


                        ___/s/ Myron H. Thompson___
                        UNITED STATES DISTRICT JUDGE

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

April 13, 2006

TO INVOLVED COUNSEL

Re:  MDL-1596 -- In re Zyprexa Products Liability Litigation

(See Attached Schedule A of Order)

Dear Counsel:

For your information, I am enclosing a copy of an order filed today by the Judicial Panel on Multidistrict Litigation involving this matter.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Mecca S. Carter
Deputy Clerk

Enclosure

JPML Form 34B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 3 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1596

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

# BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in twelve Eastern District of Missouri actions, ten Western District of Missouri actions and three Middle District of Alabama actions as listed on Scheduled A. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Two doctors named as defendants in one of the ten Western District of Missouri actions also move to vacate the Panel's order conditionally transferring that action.[1] Defendant Eli Lilly and Co. opposes the motions to vacate and urges inclusion of all 25 actions in the MDL-1596 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these 25 actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Any motions for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*]   Judge Hodges took no part in the decision of this matter.

[1]   *Larry Wright v. Eli Lilly & Co., et al.*, W.D. Missouri, C.A. No. 2:05-4413.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Keenan
Acting Chairman

**SCHEDULE A**

MDL-1596 -- In re Zyprexa Products Liability Litigation

### Middle District of Alabama

*Shaheed Muhammad v. Eli Lilly & Co., et al.*, C.A. No. 2:05-1046
*Latofia Crimes v. Eli Lilly & Co., et al.*, C.A. No. 2:05-1047
*Sanquirnetta McCray-Martin v. Eli Lilly & Co., et al.*, C.A. No. 2:05-1048

### Eastern District of Missouri

*Cheryl Andrews v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2126
*Jacqueline Jenell Brown v. Eli Lilly & Co., et* al., C.A. No. 4:05-2127
*Gloria Hayes v. Eli Lilly & Co, et al.*, C.A. No. 4:05-2128
*Myra Frisbie v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2129
*Xavier Johnson v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2139
*Stanley Lewis v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2140
*Linda Young v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2142
*Darryl Scott v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2143
*Valerie Ann Shaffer v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2145
*Donna Trefney v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2151
*Windy Atterberry v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2177
*Ethel Stevens v. Eli Lilly & Co., et al.*, C.A. No. 4:05-2178

### Western District of Missouri

*Michael Skinner v. Eli Lilly & Co., et al.*, C.A. No. 2:05-4411
*Larry Wright v. Eli Lilly & Co., et al.*, C.A. No. 2:05-4413
*Tina Carrero v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1083
*Mary Ella Weese v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1114
*Susan M. Riley v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1118
*Pamela Hedrix v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1151
*Brenda Gleese v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1244
*Lamont Jay Hemphill v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1245
*Linda Ward Tindall v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1246
*Rosetta Marie Williams v. Eli Lilly & Co., et al.*, C.A. No. 4:05-1247

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


ROBERT FRIZZLE,             )
                            )
        Plaintiff,          )
                            )        CIVIL ACTION NO.
        v.                  )        2:06cv467-MHT
                            )            (WO)
ELI LILLY and COMPANY and   )
YOLANDA McCAIN, Sales       )
Sales Representative,       )
                            )
        Defendants.         )


ORDER

It is ORDERED that the motion for stay (doc. no. 4) is
granted and this cause is stayed pending MDL transfer.
See, e.g., Grant v. Eli Lilly and Company, civil action
no. 2:06cv464-MHT (M.D. Ala. July 27, 2006) (order staying
case, including remand motion, pending MDL transfer);
McCray-Martin v. Eli Lilly and Company, civil action no.
2:05cv1048-T (M.D. Ala. Nov. 22, 2005) (same); Muhammad v.

<u>Eli Lilly and Company</u>, civil action no. 2:05cv1046-T (M.D.

Ala. Nov. 22, 2005) (same).

    DONE, this the 27th day of July, 2006.


                <u>  /s/ Myron H. Thompson   </u>
                **UNITED STATES DISTRICT JUDGE**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


MATTIE GRANT,                   )
                                )
     Plaintiff,                 )
                                )      CIVIL ACTION NO.
     v.                         )      2:06cv464-MHT
                                )         (WO)
                                )
ELI LILLY AND COMPANY, and      )
YOLANDA McCAIN,                 )
                                )
     Defendants.                )

ORDER

It is ORDERED that the motion for stay (doc. no. 5) is

granted and this cause is stayed pending MDL transfer.

See, e.g., McCray-Martin v. Eli Lilly and Company, civil

action no. 2:05cv1048-T (M.D. Ala. Nov. 22, 2005) (order

staying case, including remand motion, pending MDL

transfer); Muhammad v. Eli Lilly and Company, civil action

no. 2:05cv1046-T (M.D. Ala. Nov. 22, 2005) (same).

DONE, this the 27th day of July, 2006.


                          /s/ Myron H. Thompson
                       UNITED STATES DISTRICT JUDGE

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Robert A. Cahn
Executive Attorney

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

January 20, 2006

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   JAN 2 4 2006   ★
P.M.
TIME A.M.

TO INVOLVED JUDGES

Re: MDL-1596-- In re Zyprexa Products Liability Litigation

*Latofia Crimes v. Eli Lilly & Co., et al.*, M.D. Alabama, C.A. No. 2:05-1047
(Judge Mark E. Fuller)
*Sanquirnetta McCray-Martin v. Eli Lilly & Co., et al.*, M.D. Alabama, C.A. No. 2:05-1048
(Judge Myron H. Thompson)

Dear Judges:

Presently before the Panel pursuant to 28 U.S.C. § 1407 is a notice of opposition to the Panel's conditional transfer order in at least one action before you in the above-described docket. The parties will have an opportunity to fully brief the question of transfer and the matter will be considered at a bimonthly Panel hearing session. In the meantime, your jurisdiction continues until any transfer ruling becomes effective.

If you have a motion pending – such as a motion to remand to state court (if the action was removed to your court) – you are free to rule on the motion, of course, or wait until the Panel has decided the transfer issue. The latter course may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.

Please feel free to contact our staff in Washington with any questions.

Kindest regards,

Wm. Terrell Hodges
Chairman

*Jack B. Weinstein*
*Senior United States District Judge*
*Eastern District of New York*
*225 Cadman Plaza East*
*Brooklyn, N.Y. 11201*

Tel:    (718) 613-2520
Fax:    (718) 613-2527



| TO: | Nina M. Gussack, Pepper Hamilton LLP | ~ 215-981-4307 |
| --- | --- | --- |
| | Christopher A. Seeger, Seeger Weiss, LLP | ~ 212-584-0799 |
| | Melvyn Weiss, Milberg Weiss | ~ 212-868-1229 |
| | Nancy Hersh, Hersh & Hersh | ~ 415-441-7586 |
| | Fletcher V. Trammell, Fibich, Hampton, Leebron, LLP | ~ 713-751-0030 |
| | H. Blair Hahn, Richardson, Patrick, Westbrook & Brickman, LLC | ~ 843-216-6509 |
| | Peter Woodin, The Resolution Experts | ~ 212-972-0051 |
| | Ken Feinberg, The Feinberg Group, LLP | ~ 202-962-9290 |

**DATE:** July 27, 2006              **# OF PAGES WITH COVER:**    3

**RE:** Zyprexa Products Liability Litigation, 04-MD-01596

* Please distribute to parties not included on the distribution list.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:  ZYPREXA PRODUCTS                    MDL No. 1596 (JBW)
        LIABILITY LITIGATION

------------------------------------------------------------x
THIS DOCUMENT APPLIES TO:
ALL CASES

CASE MANAGEMENT ORDER No. 18

(Discovery, Motion and Trial Schedule)

The Plaintiffs Steering Committee and defendant Eli Lilly and Company jointly request

an extension to the previously ordered discovery, motion and trial schedule. *See* CMO No. 14,

May 1, 2006. The parties have settled all cases subject to trial in the Eastern District of New

York that were filed prior to March 1, 2006. Because the only cases presently available for trial

in the Eastern District of New York have all been filed since March 1, 2006, the parties seek

additional time to fully discover and prepare these cases for trial.

The Special Master for Discovery, Peter H. Woodin, has recommended that the parties'

request for additional time be granted and that the Court adopt    the proposed revised schedule

submitted jointly by the parties.

The Court grants the parties' request for an extension of the discovery, motion and trial

schedule. Therefore, IT IS HEREBY ORDERED:

### Discovery Schedule leading to *Daubert* and Summary Judgment Hearings

1.    Fact Discovery shall be completed by November 20, 2006.

2.    Plaintiffs' Rule 26 general and case specific liability expert reports shall be filed on or
      before December 1, 2006.

3.   Defendant's Rule 26 general and case specific liability expert reports shall be filed on or before December 15, 2006.

4.   Plaintiffs' and Defendant's rebuttal expert reports shall be filed on or before December 22, 2006.

5.   Deposition of experts shall completed by January 31, 2007.

6.   *Daubert* and Summary Judgment Motions shall be filed on or before February 16, and made returnable March 19, 2007.

7.   Responses to *Daubert* and Summary Judgment Motions shall be filed on or before February 28, 2007.

8.   Replies to *Daubert* and Summary Judgment Motions shall be filed on or before March 9, 2007.

9.   Hearing on *Daubert* and Summary Judgment Motions shall be held March 19, 2007.


**Pre-trial Schedule – Cases Designated for Trial in the Eastern District of New York**

10.   Plaintiffs' and Defendant's witness lists, exhibit lists, and deposition designations shall be filed by April 9, 2007.

11.   Plaintiffs' and Defendant's counter-designations shall be filed by April 16, 2007.

12.   Motions in *Limine* shall be filed by April 16, 2007.

13.   Trial shall begin April 23, 2007.


Dated: July 27, 2007
        Brooklyn, New York

_____
Jack B. Weinstein
Senior United States District Judge: