

A CERTIFIED TRUE COPY
FEB 7 2007
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A TRUE COPY
DATED 2/14/07
ROBERT C. ...ANN
CLERK
BY ........ DEPUTY CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 7 2007

FILED
CLERK'S OFFICE

DOCKET NO. 1596

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

*Betty Weathers v. Eli Lilly & Co., et al.*, M.D. Alabama, C.A. No. 2:06-666
*Jim Hood, etc. v. Eli Lilly & Co.*, N.D. Mississippi, C.A. No. 3:06-110

### BEFORE WM. TERRELL HODGES,* CHAIRMAN, D. LOWELL JENSEN,* J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Middle District of Alabama action and one Northern District of Mississippi action. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Common defendant Eli Lilly and Co. opposes the motions to vacate and urges inclusion of the actions in the MDL-1596 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of these two actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Plaintiffs' motions for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

\* Judges Hodges and Jensen took no part in the decision of this matter.

- 2 -

Plaintiff in the Northern District of Mississippi action argues against transfer, among other things, that the action, which pleads statutory claims under Mississippi law on behalf of the state, does not share sufficient questions of fact with the products liability claims in the previously centralized MDL-1596 actions, which arise from product defect and failure to warn, to warrant transfer. We are unpersuaded by this argument. Regardless of the differences in legal theory, the claims in the Northern District of Mississippi action similarly arise from representations about the safety of Zyprexa and its adverse effects, in particular, the incidence of diabetes and related diseases in users. Moreover, similar claims brought by the attorneys general of other states are already pending in the MDL-1596 proceedings. Inclusion of the present claims in the MDL-1596 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
J. Frederick Motz
Acting Chairman